## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-62566

**CHAD SHEPPARD**,
*individually and on behalf of*
*those similarly situated,*

    Plaintiff,

v.

**AVANT, LLC** d/b/a **AVANT CREDIT CORP**,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Chad Sheppard ("Plaintiff"), individually and on behalf of those similarly situated, sues Defendant Avant, LLC d/b/a Avant Credit Corp ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.  Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.  Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.  Defendant is a Delaware limited liability company, with its principal place of business located in Chicago, Illinois.

PAGE | **1** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

6. On a date better known by Defendants, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a voluntary transaction between the creditor of the Consumer Debt, WebBank, and Plaintiff involving the provision of an unsecured line of credit (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

14. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

15. Defendant is a debt collector governed by the FDCPA.

16. Defendant is not registered with the Florida Office of Financial Regulation as "Consumer Collection Agency."

17. Defendant has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

18. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

19. Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

20. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

21. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

22. On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

23. The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's name; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debt; **[4]** the amount of the consumer debt; **[5]** the creditor of the Consumer Debt; **[6]** that Plaintiff was the alleged debtor of the Consumer Debt; **[7]** information regarding the Subject Service; and **[8]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

24. The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

25. Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

26. In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

27. On a date better known by Defendant, Defendant sent a letter, internally dated March 3, 2021, to Plaintiff in an attempt to collect the Consumer Debt (the "Collection Letter"). Attached as Exhibit "A" is a copy of the Collection Letter.

28. Defendant's collection activities, *i.e.*, the Collection Letter it (Defendant) sent to Plaintiff in an attempt to collect the Consumer Debt, constitutes a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785

29. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30. The Collection Letter is a communication from Defendant to Plaintiff in an attempt to collect the Consumer Debt.

31. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. Defendant is required by § 1692g(a)(2) of the FDCPA to identify the creditor of the Consumer Debt in the Collection Letter.

33. Defendant fails identify the creditor of the Consumer Debt in the Collection Letter.

34. Defendant is required to provide Plaintiff with the information required by § 1692g(a)(4) of the FDCPA within the Collection Letter or within five (5) days thereof.

35. Defendant failed adequately disclose to the least sophisticated consumer the information required by § 1692g(a)(4) of the FDCPA within the Collection Letter or within five (5) days thereof.

36. Defendant is required to provide Plaintiff with the information required by § 1692g(a)(5) of the FDCPA within the Collection Letter or within five (5) days thereof.

37. Defendant failed adequately disclose to the least sophisticated consumer the information required by § 1692g(a)(5) of the FDCPA within the Collection Letter or within five (5) days thereof.

38. Plaintiff received the Collection Letter *less than* thirty (30) days prior to January 7, 2021.

39. Defendant falsely represents in the Collection Letter that, if the least sophisticated consumer seeks to exercise his or her rights under § 1692g(a)(4) of the FDCPA, the least sophisticated consumer must notify Defendant in writing by January 7, 2021.

40. Defendant falsely represents in the Collection Letter that, if the least sophisticated consumer seeks to exercise his or her rights under § 1692g(a)(5) of the FDCPA, the least sophisticated consumer must notify Defendant in writing by January 7, 2021.

41. The Collection Letter falsely represents that "Avant Credit Card Master Trust" is the creditor of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

42. "Avant Credit Card Master Trust" is not the creditor of the Consumer Debt.

43. The Collection Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

44. Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA. Debt valid.

## CLASS ALLEGATIONS

### PROPOSED CLASS

45. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is comprised of four (4) classes (collectively, the "Classes"): the "**Collection License Class**," the "**False Creditor Class**," the "**G-Notice Class**," and the "**Vendor Class**."

46. The "**Collection License Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant [4] while Defendant was not lawfully licensed as a "Consumer Collection Agency" with the Florida Department of State [5] during the twelve months preceding the filing of this Class Action Complaint.

47. The "**False Creditor Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant [4] wherein Defendant falsely represented that a *trust* was the creditor of the underlying debt and/or failed to adequately identify the name of the creditor as required by § 1692g(a)(2) [5] during the twelve months preceding the filing of this Class Action Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48. The "**G-Notice Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant [4] wherein Defendant failed adequately disclose the information required by § 1692g(a)(4)-(5) of the FDCPA [5] during the twelve months preceding the filing of this Class Action Complaint.

49. The "**Vendor Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant [4] wherein Defendant transmitted the personal information of Plaintiff and members of the Vendor Class to a third-party, whereby said third-party used such information to prepare a collection letter to be sent to the consumer [5] during the twelve months preceding the filing of this Class Action Complaint.

50. Defendant and its employees or agents are excluded from the Classes.

51. Plaintiff does not know the number of members in the Classes but believes the members of each of the Classes to be several thousand if not more.

### NUMEROSITY

52. Upon information and belief, Defendant has sent thousands of debt collection letters to thousands of consumers throughout Florida which violate § 1692e(2)(A), § 1692c(b) § 1692g(a)(2), (4), and (5), of the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

53. The exact number and identities of the Classes' members are unknown at this time and can be ascertained only through discovery. Identification of the Classes' members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

54. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the

questions of law and fact common to the Classes are: [1] whether Defendant sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; [2] whether Defendant is a debt collector under the FDCPA; [3] whether Defendant's conduct was knowing and willful; [4] whether Defendant is liable for damages, and the amount of such damages.

55.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers without including the necessary disclosure required by the FDCPA is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

56.    Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

57.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

58.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant's net worth, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits.

PAGE | **8** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

### COUNT 1
### VIOLATION OF 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(2)
(*False Creditor Class*)

60. Plaintiff, individually and on behalf of the False Creditor Class, incorporates by reference paragraphs 6-59 of this Class Action Complaint as though fully stated herein.

61. As set forth above, the Collection Letter falsely represents that "Avant Credit Card Master Trust" is the creditor of the Consumer Debt. "Avant Credit Card Master Trust" is not, and otherwise *cannot* be as a matter of *law*, the creditor of the Consumer Debt. First, "Avant Credit Card Master Trust" simply is not the creditor of the Consumer Debt. Second, and more critically, "Avant Credit Card Master Trust" is a *trust* and otherwise *cannot* be a "creditor" of the Consumer Debt as a matter of law. As such, by falsely identifying "Avant Credit Card Master Trust" as the creditor of the Consumer Debt, Defendant violated § 1692e(2)(A) of the FDCPA.

62. Further, as set forth above, the Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. Defendant, however, failed to adequately identify the name of the Creditor, as required by § 1692g(a)(2) of the FDCPA, within the Collection Letter or within five (5) days thereof. Thus, Defendant also

PAGE | **9** of **13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

violated § 1692g(a)(2) of the FDCPA by falsely identifying "Avant Credit Card Master Trust" as the creditor of the underlying debt in the Collection Letter.

63. WHEREFORE, Plaintiff, individually and on behalf of the False Creditor Class, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c)    Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(*Collection License Class*)

64. Plaintiff, individually and on behalf of the Collection License Class, incorporates by reference paragraphs 6-59 of this Class Action Complaint as though fully stated herein.

65. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

66. Here, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant-DC was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

PAGE | **10** of **13**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

67. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

68. WHEREFORE, Plaintiff, individually and on behalf of Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (a)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)-(5)
(*G-Notice Class*)

69. Plaintiff, individually and on behalf of the G-Notice Class, incorporates by reference paragraphs 6-59 of this Class Action Complaint as though fully stated herein.

70. Here, the Collection Letter was a communication Plaintiff received from Defendant in connection with the collection of a Consumer Debt. The Collection Letter, however, did not contain the information explicitly required by § 1692g(a)(4)-(5) and Plaintiff was not notified of said omitted disclosures within five (5) days of receiving the Collection Letter.

71. Defendant violated § 1692g(a) of the FDCPA by failing to adequately disclose to the least sophisticated consumer the information required by § 1692g(a)(4)-(5), if not during Defendant's initial communication with Plaintiff (*i.e.*, the Collection Letter), then in *in writing* within five (5) days thereof.

72.  WHEREFORE, Plaintiff, individually and on behalf of the G-Notice Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (c)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (d)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (a)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
### VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)
(*Vendor Class*)

73.  Plaintiff, individually and on behalf of the Vendor Class, incorporates by reference paragraphs 6-59 of this Class Action Complaint as though fully stated herein.

74.  Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

75.  As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA, as such is an unlawful communication to a third-party in connection with the collection of the Consumer Debt. Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

76.  WHEREFORE, Plaintiff, individually and on behalf of the Vendor Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (e)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (f)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (a)    Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: December 27, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **13** of 13

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com